# EXHIBIT A

|  |  |
|---|---|
| IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA CIVIL ACTION - LAW | RECEIVED NOV 08 2011 BY: |

Amanda Ciganik A/K/A Amanda Meneo
c/o Piontek Law Office
951 Allentown Road
Lansdale, PA 19446
                                        2011 SU 003797
v.
                           **Plaintiff**

Leading Edge Recovery Solutions, LLC
5440 N Cumberland Ave, Suite 300
Chicago, IL 60656-1490
and
John Does 1-20
and
XYZ Corporations                           Jury Trial Demanded
                            Defendant(s)

PROTHONOTARY 2011 OCT 20 PM 2:15 JUDICIAL CENTER YORK, PA

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

MID-PENN LEGAL SERVICES
29 NORTH QUEEN STREET, YORK, PA 17403
717-848-3605            Fax: 717-854-5431

Lawyer Referral Service of the York County Bar Association
137 East Market Street, York, PA 17401
Telephone No.: (717) 854-8755

PA BAR ASSOCIATION
P.O. BOX 186, HARRISBURG, PENNSYLVANIA 17018
717-238-6715

TRAK
14157277

IN THE COURT OF COMMON PLEAS OF
YORK COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

Amanda Ciganik A/K/A Amanda Meneo :
c/o Piontek Law Office :
951 Allentown Road :
Lansdale, PA 19446 : 2011 SU 003797
v. :
                     **Plaintiff** :
Leading Edge Recovery Solutions, LLC :
5440 N Cumberland Ave, Suite 300 :
Chicago, IL 60656-1490 :
and :
John Does 1-20 :
and : Jury Trial Demanded
XYZ Corporations :
                     Defendant(s) :

# COMPLAINT

## INTRODUCTION

1. This is an action for damages brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"). Plaintiff has filed this case as a potential class action.

## PARTIES

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3. Plaintiff is Amanda Ciganik, an adult individual, resident of Pennsylvania.

4. Defendant is Leading Edge Recovery Solutions, LLC, a business engaged in consumer debt collection with a principle place of business located at 5440 N Cumberland Ave, Suite 300, Chicago, IL 60656.

## JURISDICTION AND VENUE

5. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

6. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania in general and within this jurisdiction.

7. Venue is proper in this jurisdiction because one or more key witnesses resides in this jurisdiction and cannot travel outside the confines of this jurisdiction.

## COUNT ONE: Violation of Fair Debt Collection Practices Act
## 15 USC 1692 et. seq.

8. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

9. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

10. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

11. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer debt against Plaintiff.

12. Within the applicable statute of limitations, prior to the commencement of this action, Defendant contacted Plaintiff by telephone and left one or more voicemail messages.

13. Said voicemail message(s) read substantially as follows.

> "Hello. This is Paul Blank. Please press 1 at any time during this message to be connected to a representative. Or please return my call at 1-877-865-9750. Again, this is Paul Blank. Please return my call at 1-877-865-9750. Thank you."

14. The above referenced voicemail message was a communication as defined by 15 USC 1692(a)(2). See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.

15. At no time during the message did Defendant disclose the identity of the debt collector who placed the call on plaintiff's personal telephone answering system.

16. At no time during the message did Defendant disclose that the call was from a debt collector attempting to collect a debt.

17. The above referenced voicemail message was a violation of 15 USC 1692 (f)(6) because the telephone call was placed without meaningful disclosure of the debt collector's identity.

18. The above referenced voicemail message was a violation of 15 USC 1692 (e)(11) because the telephone call was placed without disclosure that the calls was from a debt collector.

19. The above referenced voicemail message was a violation of 15 USC 1692 (e)(11) because the telephone call was placed without disclosure of the nature or purpose of the call.

## LIABILITY

20. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

21. Defendant is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

22. In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

## DAMAGES

23. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

24. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

25. $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

26. Plaintiff requests statutory damages for other members of the class.

27. Plaintiff requests actual damages for other members of the class.

## ATTORNEY FEES

28. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

29. Attorney fees of $1,400 at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client. | 1 |
| b. | Drafting, review, editing and filing of writ | .25 |
| c. | Drafting, editing, review and filing complaint | .5 |
| d. | Service of process | .25 |
| e. | Follow up with Defense | 2 |

$$4 \times \$350 = \$1,400$$

30. Plaintiff's attorney fees continue to accrue as the case move forward.

## CLASS ALLEGATIONS

31. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

32. Plaintiff brings this case as a class action pursuant to Pennsylvania Rules of Civil Procedure 1701, *et seq.*, or in the alternative, Federal Rule of Civil Procedure 23, if Defendant chooses to remove this action to Federal Court, on behalf of a Class consisting of members who meet the following criteria.

   a. Consumers within the meaning of the FDCPA.

   b. Residents of this jurisdiction at the time they received the same or a similar telephone voicemail message from Defendant, described in this complaint,

   c. Received the same or substantially similar telephone message(s) described in this complaint from Defendant(s) within the applicable period of limitations prior to the commencement of this action.

33. Excluded from the class are Plaintiff's attorney, the attorney's family member and the attorney's employees and business associates.

34. Plaintiff reserves the right to redefine the class following discovery and as the Court permits.

35. Plaintiff believes that there are several victims of Defendant(s) aforementioned collection activity, and that members of the Class are so numerous that joinder of all members is impractical.

36. Plaintiff's claims are typical of the claims of the Class members because they received the same type of collection telephone message from Defendant(s) that Plaintiff received from Defendant(s).

37. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel competent and experienced in consumer law, and capable of familiarizing herself with class action litigation practice and procedure.

38. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to plaintiff and the Class are the following.

   a. Were the accounts referred to in the telephone messages left for Plaintiffs *consumer debts* as defined by the FDCPA?

b. Are the Plaintiffs consumer debtors as defined by the FDCPA?

c. Was / were Defendant(s) acting as a debt collector as defined by the FDCPA at the time that the telephone messages were left by Defendant?

d. Was / were the telephone message(s) *communications* as defined by the FDCPA?

e. Did the telephone message(s) sent to Plaintiff and other similarly situated Plaintiffs by Defendant(s) fail to make required disclosures as mandated by the FDCPA?

f. Did the telephone message(s) left by Defendant violate the FDCPA, 15 USC 1692 et. seq.?

39. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

40. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

41. The Class is readily identifiable from the Defendant(s)' records.

42. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for defendants.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical.

44. The amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

45. Without a class action, Defendant(s) will likely retain the benefit of its wrongdoing.

46. Without a class action, Defendant(s) will likely continue a course of action, which will result in further damages to Plaintiff and members of the Class.

47. Not withstanding class treatment of Plaintiff's claim, Plaintiff reserves the right to settle or to litigate the claim on an individual basis, rather than on a class basis, at any time prior to certification of the class.

## OTHER RELIEF

48. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

49. Plaintiff seeks injunctive relief barring further unlawful collection activity.

50. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

51. Plaintiff requests trebles damages against Defendant because the acts committed by Defendant were willful, wanton, reckless and / or intentional.

52. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

53. Plaintiff requests a jury trial in this matter

54. Plaintiff requests a reasonable Plaintiff incentive fee in the amount of no less than $5,000.00.

Wherefore, plaintiff demands judgment against defendant in the amount of $7,401.00 enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,400.0 attorney fees

$5,000 plaintiff incentive fee

---

$7,401

*Vicki Piontek*     10/17/2011
Vicki Piontek, Esquire     Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS OF
YORK COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

Amanda Ciganik A/K/A Amanda Meneo :
c/o Piontek Law Office :
951 Allentown Road :
Lansdale, PA 19446 :
v. :
                **Plaintiff** :
Leading Edge Recovery Solutions, LLC :
5440 N Cumberland Ave, Suite 300 :
Chicago, IL 60656-1490 :
and :
John Does 1-20 :
and :               Jury Trial Demanded
XYZ Corporations :
            Defendant(s) :

## VERIFICATION

I, Amanda Ciganik, affirm that the statements contained in the attached complaint are true and correct to the best of my knowledge, understanding and belief.


_Amanda N. Ciganik_   9/6/11
Amanda Ciganik       Date